UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lamar Wyse,<br><br>                    Plaintiff,<br><br>vs.<br><br>NMI Holdings, Inc., et al.,<br><br>                    Defendants. | 2:25-cv-02224-ART-MDC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) AND DENYING MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY (ECF NO. 5) WITHOUT PREJUDICE** |

Pro se plaintiff Lamar Wyse filed an *Application to Proceed in Forma Pauperis* ("IFP") and a *Motion for Pro Se Litigant to File Electronically* ("Motion"). *ECF Nos. 1 and 5*. The Court **DENIES** plaintiff's IFP application and the Motion without prejudice, with leave to refile.

## I.    LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have

the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

## II.    PLAINTIFF'S IFP APPLICATION

Plaintiff filed the short form IFP application. *ECF No. 1*. Plaintiff states that he is unemployed. *Id*. He states that he has $25 in the bank. *Id*. He states he has no assets and about $2,400 a month in bills.

*Id.* He also states that he pays about $900 a month in credit card loans. *Id*.

Plaintiff does not explain how he pays $2,400 a month in bills and $900 a month in credit card bills given that he states he has no income or assets. The Court cannot determine if plaintiff qualifies for IFP status. The Court will allow plaintiff another opportunity to show that he qualifies for IFP status. Plaintiff must submit the long form application. Plaintiff must answer all questions on the long form with detailed explanations about his income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation. In response to question eleven on the long form, plaintiff must explain in detail why he cannot afford the filing fee.

### III.  MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY

Federal Rule of Civil Procedure 5(d)(3)(B) allows a person not represented by an attorney to file and sign documents electronically if allowed by court order or local rule. Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Since the Court denies plaintiff's IFP application and has not yet screened the complaint, the Court denies plaintiff's request to file electronically without prejudice, with leave to amend if plaintiff's case survives screening.

**IT IS SO ORDERED THAT:**

1. Plaintiff's *Application To Proceed In Forma Pauperis* (ECF No.1) is **DENIED** without prejudice.

1. Plaintiff's *Motion for Pro Se Litigant to File Electronically* (ECF No. 5) is **DENIED** without prejudice. Plaintiff may renew his request to file electronically if his case survives screening.

2. By **January 19, 2026**, plaintiff shall either (1) file the long form application to proceed in forma pauperis as specified in the Court's order or (2) plaintiff must pay the full fee for filing a civil action.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

It is so ordered.

DATED December 18, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**