UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAMAR WYSE,

Plaintiff,

vs.

NMI HOLDINGS, *et al.*,

Defendants.

Case No. 2:25-cv-02224-ART-MDC

ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS (ECF No. 14)

Plaintiff Lamar Wyse brings this action *pro se* against his former employer ("NMI Holdings") and Denise Gero, alleging violations of Title VII of the Civil Rights Act of 1964, the Nevada Equal Rights Commission, and retaliation under 42 U.S.C. § 1981. (ECF No. 8.) Defendants moved to compel arbitration, arguing that Mr. Wyse's claims are subject to a valid arbitration agreement between the parties. (ECF No. 14.) Mr. Wyse opposes this motion, arguing that (1) Defendants waived their right to enforcement of the arbitration agreement, and (2) the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") forecloses enforcement of the arbitration agreement. (ECF No. 19.) For the reasons discussed below, the Court grants Defendants' motion to compel arbitration, and their motion to stay the case pending the completion of arbitration.

## I. Background

Mr. Wyse was employed by NMI Holdings from approximately June 10, 2019 through November 2, 2023. (ECF No. 8.) On May 24, 2019, Mr. Wyse signed an agreement containing a mandatory arbitration clause. (ECF No. 14-3.) Mr. Wyse, who is an African American man, claims that throughout his time at NMI Holdings, his supervisor, Denise Gero, made discriminatory and harassing

statements due to his race and gender. (ECF No. 8.) Mr. Wyse reported his concerns to Senior Director of Underwriting, Margo Singleton. (*Id.*) Mr. Wyse was later terminated, allegedly in retaliation for making the complaints. (*Id.*)

## II. Legal Standard

The Federal Arbitration Act ("FAA") requires courts to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008); 9 U.S.C. § 4. Accordingly, "the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Id.* (*quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). Because an agreement to arbitrate is a matter of contract, to determine whether a contract exists, courts "generally . . . apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Because the district court's order compelling arbitration "is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate," in deciding a motion to compel, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).

## III. ANALYSIS

### A. Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act

Mr. Wyse first argues that his claims are exempt from the arbitration agreement under the EFAA. (ECF No. 19 at 11–14.) Defendants contend that the EFAA is not applicable because there are not allegations of sexual assault or sexual harassment in this case. (ECF No. 24 at 5–9.)

The EFAA renders mandatory arbitration agreements unenforceable against a person "alleging conduct constituting a sexual harassment dispute or

sexual assault dispute." 9 U.S.C. § 402(a). The Act defines a "sexual assault dispute" as "a dispute involving a nonconsensual sexual act or sexual contact," as defined in 18 U.S.C. § 2246 or other applicable law, 9 U.S.C. § 401(3), and a "sexual harassment dispute" as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law," 9 U.S.C. § 401(4). The applicability of the EFAA is a threshold issue for the Court in this case and that determination cannot be committed or referred to arbitration. 9 U.S.C. § 402(b).

Mr. Wyse does not state causes of action for sexual harassment. Instead, Mr. Wyse argues that his claim for gender discrimination under Title VII qualifies as an EFAA harassment dispute, citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986), in support. While a properly pleaded hostile work environment claim can implicate the EFAA, not all sex discrimination constitutes sexual harassment. *See Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 669 (2020) ("'Sexual harassment' is conceptually distinct from sex discrimination . . . "). Disparate treatment sex discrimination occurs when an employer subjects an employee to an adverse employment action motivated by their sex. 42 U.S.C. § 2000e-2(a)(1). In contrast, an employee is subject to sexual harassment in a hostile work environment when the employee's coworkers are so severely or pervasively hostile to the employee, on account of the employee's sex, that it alters the conditions of employment. *See Meritor Sav. Bank, FSB*, 477 U.S. at 67.

Mr. Wyse's allegations do not allege a plausible sexual harassment claim. He alleges that he was terminated because he is an African American man. He specifically alleges that Ms. Gero, his supervisor, treated him differently than any mortgage underwriters who were white women. (ECF No. 8 at ¶ 31.) He further claims that he was subject to "heightened monitoring," "continuous audit review," did not receive the same training opportunities as his white female colleagues, that he was required to use an "Underwriting Worksheet tool," and that his

availability on Microsoft Teams was "scrutinized." (*Id.* at ¶¶ 32–41.) Mr. Wyse alleges one instance of verbal conduct, in which Ms. Gero "likened" Mr. Wayse to an African American "horse whisperer." (*Id.* at ¶ 42.) These facts led Mr. Wyse to feel that he was terminated from employment because of his "sex and race and for reporting Ms. Gero's conduct." (*Id.* at ¶ 62.)

Nowhere in his complaint does Mr. Wyse allege that Defendants' conduct was so pervasively hostile to him on account of his sex that it altered the terms and conditions of his employment. Instead, the complaint states a claim for disparate treatment based on his status as an African American man. Because his complaint does not state a claim for hostile work environment sexual harassment under Title VII, his claim is not a "sexual harassment dispute" for the purpose of the EFAA. *See* 9 U.S.C. § 401(4). Accordingly, the EFAA does not render Mr. Wyse's agreement to arbitrate voidable.

**B. This dispute must be arbitrated.**

The Federal Arbitration Act states a strong preference that parties arbitrate disputes when they have a valid agreement to do so. 9 U.S.C. § 2 (2012). A valid agreement requires that: (1) the parties agreed to arbitrate, (2) the claim is within the agreement's scope, and (3) the agreement is conscionable. *Lifescan, Inc. v. Premier Diabetic Servs.*, 363 F.3d 1010, 1012 (9th Cir. 2004). Mr. Wyse does not dispute that he entered the arbitration agreement willingly, and that the arbitration agreement is valid. (*See* ECF No. 19.)

The arbitration agreement that Mr. Wyse signed covers "any dispute arising out of your employment, including your recruitment, hire, any claim of discrimination or harassment in the workplace . . . or termination of employment." (ECF No. 13-1.) The Court finds that Mr. Wyse's claims must be arbitrated. In short, the Complaint's discrimination and harassment-based claims all arise from his employment with NMI Holdings. Therefore, the Court

concludes that Mr. Wyse's causes of action, including his retaliation claim, are arbitrable.

Mr. Wyse contends that NMI Holdings waived its right to arbitrate his claims. (ECF No. 19 at 7–10.) A party waives the right to seek arbitration when it knows of its right to arbitrate, and acts inconsistently with that right, resulting in prejudice to the other party. *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 724 (9th Cir. 2000). Courts "do not lightly find waiver of the right to arbitrate[.]" *Id.*

Here, NMI Holdings raised the issue of arbitration multiple times prior to this motion. NMI Holdings (1) reminded Mr. Wyse that his claims were covered by the arbitration agreement when it received his pre-suit demand letter (ECF No. 14-4); (2) attempted to secure a stipulation to arbitrate when it was served with Mr. Wyse's complaint (*id.*); and (3) moved to compel arbitration in the instant motion. (ECF No. 14.) Mr. Wyse's argument that NMI Holdings waived its right to arbitrate by participating in his EEOC administrative proceeding also fails. The arbitration agreement expressly exempts administrative matters from arbitration (ECF No. 14-3 at 2), and courts in this circuit generally find that "informal complaints, settlement negotiations, and EEOC investigations do not trigger a duty to demand arbitration under the theory that parties should be able to pursue extra-judicial resolution of their dispute without waiving their contractual right to arbitrate." *EEOC v. Fry's Elecs., Inc.*, No. C10-1562RSL, 2011 WL 666328, at *3 n.3 (W.D. Wash. Feb. 14, 2011); *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147 (9th Cir. 1978) (holding participation in investigations and settlement proceedings does not waive arbitration). Accordingly, this dispute must be arbitrated.

**C. The case will be stayed pending the outcome of arbitration.**

Under the FAA, courts must stay a case when issues have been referred to arbitration and a party moves for a stay. 9 U.S.C. § 3 (a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."); *Smith v. Spizzirri*, 144 S. Ct. 1173, 1178 (2024) ("[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, §3 of the FAA compels the court to stay the proceeding.")

NMI Holdings has moved to stay proceedings pending the outcome of arbitration. (ECF No. 14 at 9.) Mr. Wyse does not oppose a stay if NMI Holdings' motion for arbitration is granted. As the motion for arbitration is granted, the stay is mandatory.

**IV. Conclusion**

The Court GRANTS Defendant's motion to compel arbitration. (ECF No. 14.)

The Court GRANTS Defendant's motion to stay the case pending completion of arbitration. (ECF No. 14.)

The Court DENIES AS MOOT Plaintiff's motion for leave to file a first amended complaint (ECF No. 20), Defendants' motion to strike (ECF No. 21), and Plaintiff's motion for extension. (ECF No. 26.)

The parties shall bear their own attorney's fees, costs, and expenses related to this motion.

The Court orders parties to meet and confer and file a status report within 30 days of the completion of arbitration.

DATED: August 10, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE